**Johnny Darnelle DEGRATE II, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8877.

Court of Appeals of Alaska.

July 22, 2005.

Randall S. Cavanaugh, Kalamarides & Lambert, for the Appellant.

Sharon A.S. Illsley, Assistant District Attorney, and Leonard M. Linton Jr., District Attorney, Anchorage, and Scott J. Nordstrand, Acting Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Johnny Darnelle Degrate II was convicted of second-degree assault and third-degree assault arising from a shooting incident. Superior Court Judge Larry D. Card sentenced Degrate to 7 years' imprisonment with 5 years suspended (2 years to serve).

Approximately three months after his sentencing, Degrate filed a motion under Alaska Criminal Rule 35(b) asking Judge Card to modify this judgement: Degrate asked Judge Card to order the Department of Corrections to let Degrate serve his sentence by living at home under house arrest, with electronic monitoring, rather than serving the sentence in prison. Judge Card denied Degrate's motion, ruling that he had no authority to order the Department of Corrections to do this.

Degrate now appeals Judge Card's decision. Degrate argues that Judge Card did in fact have the authority to order the Department of Corrections to let Degrate serve his sentence under house arrest with electronic monitoring. Degrate therefore asks us to vacate Judge Card's ruling and to remand his case to the superior court so that Judge Card can consider the merits of Degrate's request.

Degrate cites three Alaska statutes in support of his argument that a sentencing court has the authority to order the Department of Corrections to let a prisoner serve a sentence by electronic monitoring. None of these three statutes supports Degrate's argument.

The first of these statutes, AS 12.55.015(e)(2), does not say that a sentencing judge can order the Department to let a prisoner serve a sentence by electronic monitoring. Rather, the statute says that a sentencing judge "may *recommend* that the defendant serve all or part of [a] term [of imprisonment] . . . by electronic monitoring." (Emphasis added)

The wording of this statute—in particular, the verb "recommend"—echoes the decision of the Alaska Supreme Court in *Rust v. State*, 582 P.2d 134 (Alaska 1978). In *Rust*, the supreme court held that, although a sentencing judge may suggest that the Department place a prisoner in a particular facility or type of facility, final decisions regarding prisoner placement and classification are up to the Department.[1]

The second statute that Degrate relies on, AS 33.30.061, reiterates this same rule. Subsection (a) of this statute restates the principle that it is "[t]he commissioner [of corrections who] shall designate the correctional facility to which a prisoner is to be committed to serve a term of imprisonment". Subsection (c) of this statute addresses the option of electronic monitoring as authorized by AS 33.30.065, but this subsection declares that the question of electronic monitoring is entrusted to the Commissioner's discretion: "The commissioner *may*, under AS 33.30.065, designate a prisoner to serve the prisoner's term of imprisonment . . . by electronic monitoring." (Emphasis added)

Finally, Degrate relies on AS 33.30.065, the statute that defines the criteria for deciding whether a prisoner should be allowed to serve a sentence (or portion of a sentence) by electronic monitoring, and that specifies some of the details of that electronic monitoring. But, like the two other statutes discussed above, AS 33.30.065 entrusts the question of electronic monitoring to the Commissioner's discretion. Indeed, subsection (c) of this statute expressly states that the Commissioner retains the authority to revoke electronic monitoring and to order the prisoner returned to prison: "A decision by the commissioner to designate a prisoner to serve [all or part of] a term of imprisonment . . . by electronic monitoring does not create a liberty interest in that status for the prisoner. The prisoner may be returned to a

---

1. 582 P.2d at 137–38.

correctional facility at the discretion of the commissioner."

In sum, the three statutes that Degrate relies on do not support his argument. Instead, these statutes confirm the correctness of Judge Card's ruling that a sentencing judge has no authority to order the Commissioner of Corrections to let a prisoner serve a term of imprisonment by house arrest and electronic monitoring.

The decision of the superior court is AFFIRMED.